AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court Western | | District: WASHINGTON |
|---|---|---|
| Name (under which you were convicted): PATRICK S. CRICK | 17-CV-1348 JLR-BAT | Docket or Case No.: |
| Place of Confinement : AIRWAY HEIGHTS CORRECTIONS CENTER | | Prisoner No.: 370172 |
| Petitioner (include the name under which you were convicted) PATRICK S. CRICK | v. | Respondent (authorized person having custody of petitioner) JAMES KEY |
| The Attorney General of the State of: WASHINGTON | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    SUPERIOR COURT OF WASHINGTON STATE, IN AND FOR SNOHOMISH COUNTY

    (b) Criminal docket or case number (if you know):   13-1-00590-0

2. (a) Date of the judgment of conviction (if you know):   November 1, 2013

    (b) Date of sentencing:  December 2, 2013

3. Length of sentence:   51 MONTHS TO LIFE

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    CHILD MOLESTATION IN THE FIRST DEGREE

6. (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

[XX] Jury   [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

[XX] Yes   [ ] No

8. Did you appeal from the judgment of conviction?

[XX] Yes   [ ] No

9. If you did appeal, answer the following:

(a) Name of court: WASHINGTON COURT OF APPEALS, DIVISION 1

(b) Docket or case number (if you know): 71224-1-I

(c) Result: CONVICTION UPHELD

(d) Date of result (if you know): JUNE 8, 2015

(e) Citation to the case (if you know):

(f) Grounds raised: 1. Insufficient evidence to prove elements of crime Beyond a Reasonable Doubt. 2. Right of Jury Trial violated. 3. Trial Court error in Denying motion for mistrial. 4. Due Process Violated. 5. Trial Counsel rendered ineffective assistance.

(g) Did you seek further review by a higher state court?   [XX] Yes   [ ] No

If yes, answer the following:

(1) Name of court: Supreme Court of Washington

(2) Docket or case number (if you know):

(3) Result: Procedurally Denied Review – SEE GROUND 3

(4) Date of result (if you know): July 27, 2015

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): State v. Crick, 2015 Wash. App. Lexis 1674

(6) Grounds raised: DENIAL OF DUE PROCESS

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Washington Court of Appeals, Division 1

(2) Docket or case number (if you know): 75685-1-I

(3) Date of filing (if you know): August 30, 2016

(4) Nature of the proceeding: PERSONAL RESTRAINT PETITION (PRP)

(5) Grounds raised: 1. Ineffective assistance of appellate counsel.
2. Right to Appeal Truncated. 3. Brady/Giglio violation
4. Conviction Relies on False Testimony (Napue). 5. Prosecutor
Misconduct – Witness Credibility Vouching. 6. Cumulative
Error Denied Full and Fair Trial.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Procedurally Dismissed

(8) Date of result (if you know): October 3, 2016

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   **WASHINGTON SUPREME COURT**

(2) Docket or case number (if you know):   **93752-4**

(3) Date of filing (if you know):   **November 30, 2016**

(4) Nature of the proceeding:   **Discretionary Review**

(5) Grounds raised:   **1. Appellate Court Error – Abuse of Discretion**

**2. Brady/Giglio Violatio  3. Napue Violation**

**4. Prosecutor Misconduct – Witness Vouching**

**5. Cumulative Due Process Errors – Denial of Effective**

**Assistance of Counsel (trial & appellate) – Denial of Enjoyment**

**to a Full and Fair Appellate Process.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result:   **Procedural Dismissal**

(8) Date of result (if you know):   **June 9, 2017**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   **Washington Supreme Court**

(2) Docket or case number (if you know):   **93752-4**

(3) Date of filing (if you know):   **June 26, 2017**

(4) Nature of the proceeding:   **Motion to Modify Ruling**

(5) Grounds raised:   **1. Appellate Court Error – Abuse of Discretion**

**Pursuant to RCW 9.94A.530(2); 2. Appellate Court Error –**

**Erroneous Application of Brady/Giglio, Napue, and Strickland**

**on Review; 3. Recital of all previous grounds through**

**incorporation by reference.**

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   Denied Review

(8) Date of result (if you know):   September 5, 2017

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   Conviction Obtained by and through False Evidence - State Failed to Correct Upon Knowledge that Jury had been Given Repeated False Testimony.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial the State presented to the jury the testimony of Kimlyn, Brady, and Melissa Beckmyer. They testified under oath that Kimlyn did NOT attend a 2011 Christmas event.(RP 133, 188, 251, 299-300). State repeated this testimony as evidence of credibility.(RP 567, 569, 580). After trial photographic evidence was made known to defense that these witnesses had perjured themselves. (See Ground 2). Their false testimony is relevant because conviction was obtained by credibility of testimony alone. In creating and testifying to this false fact before the jury, the Beckmyer's collectively deceived the jury which denied Crick a Full and Fair Fact based Trial.

(b) If you did not exhaust your state remedies on Ground One, explain why:   Issue raised on collateral attack due to conflict with appellate counsel. (See Ground 3). Issue appealed to highest State court.

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   Appellate counsel refused

to raise issue, and when appellant made his grievance known concerning

counsel's failure, counsel took actions which suggest retaliation. GROUND 3

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Personal Restraint Petition

Name and location of the court where the motion or petition was filed:   Court of Appeals, DIV. 1

Docket or case number (if you know):   75685-1-I

Date of the court's decision:   October 3, 2016

Result (attach a copy of the court's opinion or order, if available):   Dismissed (Appendix C)

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Washington Supreme Court

Docket or case number (if you know):   93752-4

Date of the court's decision:   June 9, 2017

Result (attach a copy of the court's opinion or order, if available):   Review Denied (Appendix D)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   June 26, 2017 under Washington Supreme Court No. 93752-4, filed "Motion to Modify Ruling". Motion denied 09/05/17.

**GROUND TWO:**   State suppressed Brady/Giglio evidence known to government agents, and evidence was favorable to Crick as material impeachment evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial SCSO Detective Tyler Quick testified that he possessed digital evidence concerning the 2011 Christmas event.(RP 481-82). Evidence impeached the collective Beckmyer family testimony. GROUND 1. According to defense counsel at sentencing, this evidence was not provided in State's discovery obligation. CP 7. As evidence was logged into evidence, the State possessed or should have reasonably possessed the digital evidence marked "Christmas". Evidence material because State pursued examination of facts surrounding the 2011 Christmas event, and the State's witnesses proffered false evidence to the jury which denied Crick a Full and Fair Fact based Trial. The jury was denied knowledge of this evidence which undermines confidence in finding of guilt as it was based on testimony credibility.

(b) If you did not exhaust your state remedies on Ground Two, explain why:  See Ground 1(b)

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   See Ground 1(c)(2)

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   PERSONAL RESTRAINT PETITION

Name and location of the court where the motion or petition was filed:   SAME AS GROUND 1

Docket or case number (if you know):   SAME AS GROUND 1

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  <u>Appendix C</u>

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Washington Supreme Court
(SEE GROUND 1)

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :  Same as Ground 1(e).

**GROUND THREE:**  Ineffective Assistance of Appellate Counsel in Violation of Sixth and Fourteenth Amendment Rights under the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On direct appeal Crick paid for the contract legal services of John Crowley (WSBA 19868). Subsequent to the filing of the appellant brief, and the conflicts that arose with the appellant, Counsel failed to diligently and timely file the pleadings of his client which procedurally barred his client from receiving a Full and Fair Appellate process — which includes being denied the opportunity to exhaust those issues for the purpose of review under the strict guidelines of 28 U.S.C. §2254. Counsel owed Crick a duty to diligently protect his legal interests according to the Consumer Protection Act as his representation was paid for by Mr. Crick — Counsel failed in both his professional and legal duties.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:   As issue occurred on Crick's direct

appeal, he was limited – by statute – to stating claim on collateral attack which he did. Because his

PRP was denied review based upon an unreasonable application of the Strickland prejudice standard,

and not on the merits, exhaustion could not be had.

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   See (b) above.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   PERSONAL RESTRAINT PETITION

Name and location of the court where the motion or petition was filed:   SAME AS GROUND 1

Docket or case number (if you know):   SAME AS GROUND 1

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   Appendix C

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Washington Supreme Court
               (SEE GROUND 1)

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

     (APPENDIX D)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   SAME AS GROUND 1(e)
_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:  _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

13.     Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

         having jurisdiction? [XX] Yes      [ ] No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

         presenting them: _____

         _____

         _____

         _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

         ground or grounds have not been presented, and state your reasons for not presenting them:

         All grounds in this petition have been proffered to the highest state court for

         review.

         _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition? [ ] Yes   [XX] No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging? [ ] Yes   [XX] No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241
(Rev. 01/15)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing: _____

        (b) At arraignment and plea: _____

        (c) At trial:        MAX HARRISON (DECEASED) _____

        (d) At sentencing:        SAME AS (c) _____

        (e) On appeal:        JOHN CROWLEY (WSBA 19868), 216 1st Ave. S., Suite 204 – Seattle, WA. 98104

        (f) In any post-conviction proceeding: _____

        (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?        ☐ Yes    ☒ No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        _____

        (b) Give the date the other sentence was imposed: _____

        (c) Give the length of the other sentence: _____

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?        ☐ Yes    ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        Crick's Judgment became final on August 27, 2015. Crick's Personal Restraint Petition was
        filed timely according to Washington State statute; SOL clock stopped. PRP was denied by
        State Supreme Court on September 5, 2017; SOL clock restarted. Petition under 28 U.S.C. §2254
        filed this date –(less than 30 days following final decision). Therefore, under 2244(d)(2),
        the time from August 27, 2015 through September 5, 2017 is not counted and Crick has only
        used approximately 5 days of his one year time limit.

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)      The time during which a properly filed application for State post-conviction or other collateral review with
         respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
         under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Find the petition timely, exhausted and

order a fact hearing on the allegations set forth in the attached memorandum in support of relief.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   9-8-17          (month, date, year).

* FILED BY ECF

Executed (signed) on   9-8-17        (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

WAWD - Certificate of Service (Revised 12/27/12)

1

2

3

4

5 **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

6

7

8 PATRICK S. CRICK,
      Plaintiff(s),

9 v.                                     Case No. _____

10
    JAMES KEY,                           **CERTIFICATE OF SERVICE**
11
          Defendant(s).
12

13 I hereby certify that on _September 8, 2017_ I electronically filed the foregoing

14 with the Clerk of the Court using the CM/ECF system which will send notification of such
    filing to the following:

15
    BOB FERGUSON
16 ATTORNEY GENERAL OF WASHINGTON @atg.wa.gov

17 and I hereby certify that I have mailed by United States Postal Service the document to the
    following non CM/ECF participants:

18

19
    Dated 9-8-17
20                                        Sign or use a "s/" and your name

21                                        PATRICK S. CRICK
                                          AHCC / R-A6
22                                        P.O. BOX 2049
                                          AIRWAY HEIGHTS, WA. 99001
23

24

25
                                          Name, Address and Phone Number of Counsel or Pro Se

**CERTIFICATE OF SERVICE**              Page of
                                        1 of 1